UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| V. | ) | CRIMINAL NO. 3:14-CR-00012 |
| | ) | |
| ROBERT F. MCDONNELL | ) | JUDGE JAMES R. SPENCER |
| MAUREEN G. MCDONNELL | ) | |

**DEFENDANT ROBERT F. MCDONNELL'S MOTION # 8 – MOTION FOR BILL OF
PARTICULARS**

**MEMORANDUM IN SUPPORT**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I.      A Bill Of Particulars Is Required When The Indictment Fails To Allege
        Information Necessary To Prepare A Defense And Avoid Unfair Surprise ...................... 3

II.     Mr. McDonnell Is Entitled To A Bill Of Particulars Because The Indictment
        Omits Critical Information Necessary To Prepare His Defense And Avoid Unfair
        Surprise .............................................................................................................................. 6

        A.      The Indictment Fails To Specify The Substance And Extent Of The
                Official Acts Alleged By The Government ............................................................ 6

        B.      The Indictment Fails To Identify Mr. McDonnell's Alleged Co-
                Conspirators ......................................................................................................... 8

III.    The Sheer Size Of The Government's Document Production Further Warrants A
        Bill Of Particulars ........................................................................................................... 10

CONCLUSION.................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Dillen v. Wainwright*,
    449 F.2d 331 (5th Cir. 1971) ..................................................................................................4

*Fontana v. United States*,
    262 F. 283 (8th Cir. 1919) .....................................................................................................5

*United States v. Addonizio*,
    451 F.2d 49 (3d Cir. 1971) .....................................................................................................4

*United States v. Aispuro*,
    No. CR 08-2936 JB, 2010 BL 59827 (D.N.M. Mar. 16, 2010) .............................................11

*United States v. Allen*,
    289 F. Supp. 2d 230 (N.D.N.Y. 2003) ..................................................................................5, 8

*United States v. Am. Waste Fibers Co.*,
    809 F.2d 1044 (4th Cir. 1987) ...............................................................................................3

*United States v. Anderson*,
    254 F. Supp. 177 (W.D. Ark. 1966) .......................................................................................5

*United States v. Anderson*,
    481 F.2d 685 (4th Cir. 1973) .................................................................................................4

*United States v. Automated Med. Labs., Inc.*,
    770 F.2d 399 (4th Cir. 1985) ..............................................................................................1, 4

*United States v. Barrentine*,
    591 F.2d 1069 (5th Cir. 1979) ...............................................................................................9

*United States v. Barrera*,
    950 F. Supp. 2d 461 (E.D.N.Y. 2013) ...................................................................................10

*United States v. Bin Laden*,
    92 F. Supp. 2d 225 (S.D.N.Y. 2000) .....................................................................................11

*United States v. Bortnovsky*,
    820 F.2d 572 (2d Cir. 1987) .................................................................................................10

*United States v. Espy*,
    989 F. Supp. 17 (D.D.C. 1997) ..............................................................................................7

*United States v. Fletcher*,
74 F.3d 49 (4th Cir. 1996) ........................................................................................4

*United States v. Holman*,
490 F. Supp. 755 (E.D. Pa. 1980) .............................................................................9

*United States v. Jaskiewicz*,
278 F. Supp. 525 (E.D. Pa. 1968) .............................................................................4

*United States v. Jefferson*,
674 F.3d 332 (4th Cir. 2012) ....................................................................................2

*United States v. Lonzo*,
793 F. Supp. 57 (N.D.N.Y. 1992) .............................................................................8

*United States v. Mahaffy*,
446 F. Supp. 2d 115 (E.D.N.Y. 2006) ................................................................10, 11

*United States v. Manetti*,
323 F. Supp. 683 (D. Del. 1971)...............................................................................5

*United States v. Nachamie*,
91 F. Supp. 2d 565 (S.D.N.Y. 2000)......................................................................9, 11

*United States v. Previti*,
644 F.2d 318 (4th Cir. 1981) ....................................................................................4

*United States v. Ramirez*,
609 F.3d 495 (2d Cir. 2010)....................................................................................10

*United States v. Sampson*,
448 F. Supp. 2d 692 (E.D. Va. 2006) .......................................................................1

*United States v. Smith*,
16 F.R.D. 372 (W.D. Mo. 1954)................................................................................5

*United States v. Taylor*,
No. 3:04-CR-227, 2005 BL 34430 (E.D. Va. Sept. 21, 2005)..................................5

*United States v. Thevis*,
474 F. Supp. 117 (N.D. Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir. 1982) ................4

*United States v. Trie*,
21 F. Supp. 2d 7 (D.D.C. 1998)...............................................................................12

*United States v. Williams*,
113 F.R.D. 177 (M.D. Fla. 1986)...............................................................................8

**RULES**

Fed. R. Crim. P. 7(f) ..............................................................................................................3, 4

Fed. R. Crim. P. 16(a)(1)(C) ......................................................................................................11

**OTHER AUTHORITIES**

1 Charles Alan Wright et al., *Federal Practice and Procedure* § 130 (4th ed. 2013)....................5

Fed. R. Crim. P. 7 advisory committee's notes (1966 amend.) ........................................................4

## INTRODUCTION

While the Indictment in this proceeding is unnecessarily detailed in some respects, it fails to provide the information necessary for Mr. McDonnell to prepare his defense and avoid unfair surprise on two key issues. "The purpose of a bill of particulars 'is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial.'" *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) (Spencer, J.) (quoting *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985)). Here, the Indictment fails to articulate with precision what "official actions" Mr. McDonnell supposedly performed or promised to perform on behalf of Mr. Williams and also declines to specify at all who (other than the accused) was allegedly involved in the charged conspiracy. These fundamental deficiencies are particularly acute here, given the Government's failure to provide prompt and complete discovery or to direct the defense to those documents in its five-million page production that it believes substantiate the elements of the charged offenses. A bill of particulars is therefore necessary.[1]

## ARGUMENT

The defense requests particulars on two very important points. *First*, the indictment fails to articulate with any specificity the substance and extent of the official acts that Mr. McDonnell allegedly performed or promised to perform for the benefit of Mr. Williams or Star. This information goes to the heart of Mr. McDonnell's defense. If the Government is unable to allege—or prove—that Mr. McDonnell performed or promised to perform any action which qualifies as an "official action," then its corruption charges fail as a matter of law. The

---

[1] On February 21, 2014, the defense sent a letter to counsel for the Government requesting that it provide the particulars underlying some of its allegations. On February 25, 2014, the Government declined to provide the requested details, thus necessitating this filing.

Government's vagueness on this critical issue—especially when considered in conjunction with its extreme detail on others—is a transparent attempt to circumvent the legal question at the heart of this case and thus prevent this Court from decisively ruling on the merits of that question before trial.  Hence, the Indictment contains boilerplate and vague allegations that fail to explain anything about what the Government thinks happened; for example, that Mr. McDonnell performed or promised to perform "on an as-needed basis, as opportunities arose,"[2] unspecified official actions "to legitimize, promote, and obtain research studies for Star Scientific's products, including Anatabloc®," (Indictment ¶ 22, *see also id.* ¶ 110), or that he vaguely "spoke favorably to the attendees [at a Mansion event] regarding further study of anatabine" (*id.* ¶ 60).

The Indictment also alludes to the existence of other official acts that are not alleged in the Indictment.  Specifically, the Indictment states that the means by which the McDonnells carried out the alleged conspiracy "included, *but were not limited to*, . . . providing favorable official action on behalf of JW and Star Scientific as opportunities arose, including" such actions as (1) "arranging meetings," (2) "hosting, and the defendants attending, events at the Governor's Mansion," (3) "contacting other government officials" in the Governor's office, (4) "promoting Star Scientific's products and facilitating its relationships with Virginia government officials," and (5) "recommending that senior government officials" meet with Star representatives.  (*Id.* ¶ 111(c) (emphasis added).)  The Court should require the Government to specify any other official acts that Mr. McDonnell allegedly performed or promised to perform.

*Second*, the Indictment alleges that the McDonnells "conspire[d] with each other and with others, both known and unknown to the grand jury" to commit honest services fraud and

---

[2] This boilerplate "allegation" is lifted nearly verbatim from the district court's statement of law in *United States v. Jefferson.  See* 674 F.3d 332, 358 (4th Cir. 2012) ("performing official acts on an as-needed basis, so that [when]ever the opportunity presented itself, he would take specific action on the payor's behalf").

extortion under color of official right, yet the Indictment does not identify who the other co-conspirators are. (*Id.* ¶¶ 109, 115.) The identities of these individuals are critical to Mr. McDonnell's ability to prepare his defense and avoid unfair surprise, and should be provided to the defense under seal.[3] Without knowing who he is alleged to have conspired with, it is impossible for Mr. McDonnell to understand the conspiracy allegations—particularly the conspiracy's supposed objectives, aims, and acts in furtherance—in order to defend against the Government's charges. Nor can Mr. McDonnell properly disprove a conspiratorial agreement—or determine what acts or statements might have furthered this supposed conspiracy—when he does not even know the identities of his supposed co-conspirators.

Knowing who these people are is especially important in this case because many critical witnesses—including almost everyone who worked for the McDonnells while Mr. McDonnell was the Governor of Virginia—are represented by counsel and have been reluctant to speak with the defense, possibly because they are afraid of likewise facing federal charges. Requiring the Government to clarify which people it actually believes were involved in the alleged conspiracy would dissipate that cloud of concern. And that would, in turn, ensure that witnesses do not refuse to cooperate with the defense out of unfounded concern that such cooperation could result in the Government investigating them too.

## I.   A Bill Of Particulars Is Required When The Indictment Fails To Allege Information Necessary To Prepare A Defense And Avoid Unfair Surprise.

This Court has broad discretion under Federal Rule of Criminal Procedure 7(f) to order the Government to provide a bill of particulars. *See* Fed. R. Crim. P. 7(f). A bill of particulars "serves to supply the evidentiary details needed to prepare a defense." *United States v. Am.*

---

[3] To protect the identities of these individuals, the defense requests that their names not be disclosed publicly.

*Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987); *see also United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (stating that the function of a bill of particulars is "to supply 'any essential detail which may have been omitted from the indictment'" (quoting *Dillen v. Wainwright*, 449 F.2d 331, 332 (5th Cir. 1971)). "Although an indictment should allege facts sufficient to put the defendant on notice of the charges against him so that he may prepare his defense, a bill of particulars or discovery often may be used if sufficient facts are not alleged." *United States v. Previti*, 644 F.2d 318, 319 (4th Cir. 1981). A bill of particulars thus "amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). Its purpose "is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

Since the 1966 amendments to Rule 7(f) eliminated "the requirement of a showing of cause," the rule has evolved "to encourage a more liberal attitude by the courts toward bills of particulars." Fed. R. Crim. P. 7 advisory committee's notes (1966 amend.). This liberalization has led to a "desirable decline in the 'sporting theory' of criminal justice," whereby the prosecution endeavors to gain tactical advantage by withholding as much information as possible until trial. *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971) (quoting *United States v. Jaskiewicz*, 278 F. Supp. 525, 529 (E.D. Pa. 1968)). Given the more relaxed standard for granting a bill of particulars, defendants should "be given the benefit of the doubt in gray areas." *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir. 1982). Where there is doubt, it "must be resolved in favor of disclosure and the conflicting concerns must yield to paramount public interest in affording the accused a reasonable

foundation for mounting a defense."  *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971).

It is no "'answer to a motion for a bill of particulars for the government to say:  The defendant knows what he did, and, therefore, has all the information necessary.'"  *United States v. Anderson*, 254 F. Supp. 177, 181 (W.D. Ark. 1966) (quoting *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954)).  Such an "argument could be valid only if the defendant [were] presumed to be guilty" since "only if he is presumed guilty could he know the facts and details of the crime."  *Id.*  In our justice system, however, the accused "is presumed to be innocent," which means "it must be assumed 'that he is ignorant of the facts on which the pleader founds his charges.'"  *Id.* (quoting *Fontana v. United States*, 262 F. 283, 286 (8th Cir. 1919)); *see generally* 1 Charles Alan Wright et al., *Federal Practice and Procedure* § 130 (4th ed. 2013) (same).

The dangers of denying a defendant sufficient information to prepare a defense and avoid unfair surprise are particularly serious in this case, given the Government's discovery difficulties and refusal to provide other immediate discovery.  Just as the Government's willingness to provide early and comprehensive discovery could weigh *against* the need for a bill of particulars, the Government's failure to produce timely document production—and its resistance to providing any other prompt discovery—should weigh in *favor* of a bill of particulars where the indictment is vague.  *See United States v. Taylor*, No. 3:04-CR-227, 2005 BL 34430, at *4 (E.D. Va. Sept. 21, 2005) (Spencer, J.) (noting that the "Court may determine whether the information requested has been provided by other means" such as "pretrial discovery" or "voluntary disclosure"); *United States v. Allen*, 289 F. Supp. 2d 230, 237 (N.D.N.Y. 2003) ("In determining whether a bill of particulars is warranted, the court should consider the complexity of the

offense, the clarity of the indictment, and the degree of discovery otherwise available to the defendants.").

II.    **Mr. McDonnell Is Entitled To A Bill Of Particulars Because The Indictment Omits Critical Information Necessary To Prepare His Defense And Avoid Unfair Surprise.**

A.    **The Indictment Fails To Specify The Substance And Extent Of The Official Acts Alleged By The Government.**

The Indictment's chief allegation is that the McDonnells participated in a scheme to obtain gifts and loans from Mr. Williams and Star in exchange for Mr. McDonnell performing "official actions" for their benefit. (Indictment ¶ 22.) But instead of identifying with any sort of precision and clarity the official acts that Mr. McDonnell allegedly performed or promised to perform, the Government employed vague language that obscures what the Government claims Mr. McDonnell actually did. For instance, the Indictment alleges that Mr. McDonnell performed or promised to perform "on an as-needed basis, as opportunities arose," official actions to "legitimize" and "promote" Star products. (*Id.*; *see also id.* ¶ 111(c)(i) (arranged meetings "to discuss and promote Anatabloc®"); *id.* ¶ 111(c)(ii) (attended and hosted events "designed to encourage" research studies and "to promote" Star products); *id.* ¶ 111(c)(iii) (contacted other officials "as part of an effort to encourage" research studies); *id.* ¶ 111(c)(iv) ("promot[ed]" Star's products and "facilitat[ed] its relationships with Virginia government officials").) This boilerplate is entirely uninformative on its face. Yet even when the Government tries to give it factual content, the best it can do is vaguely assert that Mr. McDonnell "spoke favorably to the attendees [at a Governor's Mansion event] regarding further study of anatabine." (*Id.* ¶ 60; *see also id.* ¶ 20 (alleging "brief remarks in support of Star Scientific").) The Government almost certainly deployed such loose language in order to plead around the stubborn reality that Mr. McDonnell neither promised nor performed any legally cognizable official act at any time. As the defense will explain in its forthcoming motion to dismiss, an action is not "official" unless it

is undertaken to carry out or influence a governmental decision or action. Merely speaking "favorably" about a donor (whatever that means) does not suffice. The Government's use of vague language to obscure what conduct it actually alleges was criminal is thus preventing Mr. McDonnell from mounting an effective defense.

Not only are the Government's allegations concerning official acts hopelessly unclear, the Indictment also suggests that its allegations of official acts are non-comprehensive, *i.e.*, the Government has apparently declined to allege all of the official acts that Mr. McDonnell performed or promised to perform. In particular, the Indictment states that the alleged official acts "included, *but were not limited to*," such actions as (1) "arranging meetings with JW and Virginia government officials"; (2) "hosting, and the defendants attending, events at the Governor's Mansion"; (3) "contacting other government officials in the OGV"; (4) "promoting Star Scientific's products and facilitating its relationships with Virginia government officials"; and (5) "recommending that senior government officials in the OGV meet with Star Scientific executives." (Indictment ¶ 111(c) (emphasis added).) To the extent that there are other alleged official acts that the Government intends to prove but has omitted from the Indictment, it should specify those acts in a bill of particulars.

As one court explained, "the basis of the government's allegations that the defendant solicited and received things of value" in exchange for "*official acts*" is "necessary to avoid unfair surprise at trial and is needed for the defendant to prepare a defense." *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997). It is no surprise, therefore, that the *Espy* court "grant[ed] the defendant's motion for a bill of particulars [that sought] from the government the conduct, date, place and substance of each official act referred in the indictment." *Id.* This

Court should likewise demand that the Government provide the conduct, date, place, and substance of all the official acts it intends to prove at trial.

**B.**      **The Indictment Fails To Identify Mr. McDonnell's Alleged Co-Conspirators.**

The Indictment charges two conspiracy counts, and in both the Government alleges that the McDonnells conspired "with each other and with others, both known and unknown to the grand jury." (Indictment ¶¶ 109, 115.) Mr. McDonnell cannot effectively prepare his defense and avoid unfair surprise at trial if he does not know who the Government believes his co-conspirators were. The Court should therefore order the Government to provide that information.

Withholding this information will frustrate Mr. McDonnell's ability to prepare for trial by leaving him in the dark regarding the true nature and scope of the Government's conspiracy allegations. If Mr. McDonnell does not know who his alleged co-conspirators are, then it is impossible for him to know precisely what conduct the Government is alleging was criminal. Given the inherent legal vagueness in the charged crimes—and, as outlined above, the Government's intentional factual vagueness about what, precisely, Mr. McDonnell did to consummate those supposed crimes—it is critical that Mr. McDonnell know who else the Government thinks was involved. That is, no doubt, why courts routinely order the Government to disclose the identities of unindicted co-conspirators. *See, e.g.*, *Allen*, 289 F. Supp. 2d at 238 (directing the Government to "disclose the identities of all persons the government claims to have been co-conspirators during the course of the alleged conspiracy, regardless of whether they have been indicted"); *United States v. Lonzo*, 793 F. Supp. 57, 60 (N.D.N.Y. 1992) (granting "the request that the Government disclose the names of unindicted co-conspirators"); *United States v. Williams*, 113 F.R.D. 177, 178 (M.D. Fla. 1986) (noting that "it appears to be the common practice among courts in this circuit to grant [motions for a bill of particulars] insofar as

they request a list of unindicted co-conspirators, at least when that information is not otherwise known to the defendant(s)"); *United States v. Holman*, 490 F. Supp. 755, 762 (E.D. Pa. 1980) (directing the Government to disclose "the names of all co-conspirators or participants in the alleged offenses known to the Government"); *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) (explaining that "[i]t is not uncommon for the trial judge to require the government to disclose [the] names [of unindicted co-conspirators] when information is necessary in a defendant's preparation for trial").

Several unique aspects of this case further favor confidential disclosure of the identities of every person the Government believes was involved in the alleged conspiracy. Foremost, the Government's factual allegations in this case involve conduct by every member of the McDonnells' immediate family and many of their former staff members. That factual breadth has caused many of the people who witnessed the events underlying the Indictment—most of whom are represented by counsel—to be concerned that the Government might investigate *them* for federal crimes too, particularly if they meet or talk with defense counsel. Requiring the Government to identify everyone whom it actually believes was involved in the alleged conspiracy (and thus, by implication, to identify those *not* involved in the alleged conspiracy) would eliminate these witnesses' unfounded concern and would therefore assist Mr. McDonnell in investigating the Government's allegations. That is particularly true where, as here, the Indictment is vague about the scope and nature of the conspiracy itself and (as addressed further below) the Government's document production is massive: "[I]f the discovery has been voluminous, identification of known unindicted co-conspirators will help a defendant focus his investigation and prepare for trial." *United States v. Nachamie*, 91 F. Supp. 2d 565, 573 (S.D.N.Y. 2000).

- 9 -

Finally, and perhaps most importantly, disclosing the identities of alleged co-conspirators would not prejudice the Government or (so long as disclosure is confidential) the alleged co-conspirators themselves.  Unlike in many criminal cases, the confidential disclosure of alleged co-conspirators will not put anyone in danger or otherwise subvert legitimate law enforcement interests.  As one court recently explained, "there is a common thread running through cases where courts have granted disclosure: the identities of unindicted co-conspirators have been disclosed primarily in cases in which violence was not alleged."  *United States v. Barrera*, 950 F. Supp. 2d 461, 477 (E.D.N.Y. 2013) (citation omitted).  So too here.

In short, Mr. McDonnell has a right to know whom the Government believes he conspired with and his counsel need to know the scope of the alleged conspiracy in order to properly defend against the Government's allegations.  The Court should therefore order the Government to provide this information.

### III.    The Sheer Size Of The Government's Document Production Further Warrants A Bill Of Particulars.

"Perhaps the most frequent case in which particulars are warranted is where discovery is overwhelmingly extensive and the government fails to designate which documents it intends to introduce and which documents are merely relevant to the defense."  *United States v. Mahaffy*, 446 F. Supp. 2d 115, 119 (E.D.N.Y. 2006) (emphasis omitted).  That makes sense, of course, since the criminally accused should not have to spend months (or years) combing through millions of documents in order to understand the charges against them.  As many courts have explained, the Government does "not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided . . . ."  *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987); *see also, e.g.*, *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010) (noting that the "district court made clear that it ordered a bill of particulars because so

much discovery was produced to the defendants, not too little"); *United States v. Aispuro*, No. CR 08-2936 JB, 2010 BL 59827, at \*7 (D.N.M. Mar. 16, 2010) ("The Court also finds persuasive the Defendants' argument that, in a complex case with voluminous unorganized discovery, a bill of particulars is particularly necessary to avoid surprise at trial."); *Mahaffy*, 446 F. Supp. 2d at 120 ("[A] large volume of discovery warrants a bill of particulars if it obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's preparation for trial."); *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("[S]ometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars.").

In the alternative, of course, the Court could simply order the Government to cure the vagueness in its Indictment by identifying those documents within the five million pages it has produced that it believes actually substantiate the elements of the charged offenses. Only a small subset of this massive production is likely to be relevant at trial—a subset that the Government has surely already identified—and it would be easy for the Government to direct the defense to those key documents now. The Government is not entitled, however, to *both* refuse a bill of particulars *and* decline to do anything more than simply produce five million documents to the defense. After all, "[i]t is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars." *Bin Laden*, 92 F. Supp. 2d at 234 (citing cases); *see also, e.g.*, *Nachamie*, 91 F. Supp. 2d at 572 ("Because the Government has declined to identify which of the documents provided to the defense pursuant to Rule 16(a)(1)(C) it intends to use in its case-in-chief at trial, it must, instead, respond to an appropriate bill of particulars."). For that reason too, a bill of particulars concerning the two critical issues addressed above is warranted.

**CONCLUSION**

"A defendant faced with [criminal] charges should not have to waste precious pre-trial preparation time guessing [about what conduct] he has to defend against . . . when the government knows precisely the [conduct] on which it intends to rely and can easily provide the information." *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998). Here, there is no conceivable prejudice to the Government from disclosing the requested information. The only reason the Government could possibly have for stonewalling on the true nature of its allegations is concern about its ability to prove its case, such that it is seeking to—yet again—undermine Mr. McDonnell's ability to properly prepare his defense. But maximizing the tactical advantage that comes with unfairly surprising a litigation opponent is not a legitimate prosecutorial interest; indeed, it is precisely what bills of particulars exist to *prevent*. Accordingly, the Court should grant Mr. McDonnell's motion for a bill of particulars and order the disclosure of the information requested therein.

The defense requests a hearing on this Motion.

Dated: February 27, 2014                    Respectfully submitted,


                                            /s/ John L. Brownlee
                                            John L. Brownlee (VSB No. 37358)
                                            Timothy J. Taylor (VSB No. 84529)
                                            Holland & Knight LLP
                                            800 17th Street, N.W., Suite 1100
                                            Washington, DC 20006
                                            Telephone: (202) 828-1854
                                            Facsimile: (202) 955-5564
                                            Email: john.brownlee@hklaw.com

                                            Henry W. Asbill (*pro hac vice*)
                                            Owen T. Conroy (*pro hac vice*)
                                            James M. Burnham (*pro hac vice*)
                                            Jones Day
                                            51 Louisiana Avenue, N.W.
                                            Washington, DC 20001
                                            Telephone: (202) 879-3939
                                            Facsimile: (202) 626-1700
                                            Email: hasbill@jonesday.com

                                            *Counsel for Governor Robert F. McDonnell*

- 13 -

**CERTIFICATE OF SERVICE**

I, John L. Brownlee, am a member of the Bar of this Court.  I hereby certify that on this 27th day of February, 2014, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, causing it to be served on all registered users.

Dated:  February 27, 2014                    Respectfully submitted,


                                             /s/ John L. Brownlee
                                             John L. Brownlee (VSB No. 37358)
                                             Holland & Knight LLP
                                             800 17th Street, N.W., Suite 1100
                                             Washington, DC 20006
                                             Telephone: (202) 828-1854
                                             Facsimile: (202) 955-5564
                                             Email: john.brownlee@hklaw.com

                                             *Counsel for Governor Robert F. McDonnell*