UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CRIMINAL NO. 3:14-CR-00012 |
| v. | ) |
| | ) JUDGE JAMES R. SPENCER |
| ROBERT F. MCDONNELL | ) |
| MAUREEN G. MCDONNELL | ) |

**ROBERT F. MCDONNELL'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

- 3 -

**Defense Proposed Jury Instruction No. 39 [AMENDED]**

**<u>Virginia Law</u>**

The government has produced testimony relating to Mr. McDonnell's compliance with Virginia's gift and disclosure laws. You may not consider that testimony as evidence that Mr. McDonnell violated Virginia law by failing to report certain gifts and loans on his annual Statement of Economic Interests ("SOEI"). There has been no suggestion in this case that Mr. McDonnell violated Virginia law.

**Authority:**

July 16, 2014 Order, Dkt. No. 295, at 3 ("[T]here is no suggestion, and there will be none at trial, that Mr. McDonnell violated Virginia's ethics laws or reporting requirements.")

**Defense Proposed Jury Instruction No. 96**

**Pre-Conspiracy Conduct**

As charged in the Indictment, the Government alleges that the conspiracy began in or about April 2011. But you have heard evidence presented by the Government that precedes April 2011. Although you may consider pre-conspiracy evidence to determine the motive or intent of the conspirators, you may not treat that evidence as part of the conspiracy itself. Nor may you treat that evidence as evidence of an illegal official act.

For example, you have heard evidence that Mr. McDonnell referred Mr. Williams to Secretary Hazel for a meeting that occurred on or about November 4, 2010, and you have heard evidence that Mr. McDonnell briefly stopped by a CigRx event on or about February 3, 2011. You may not consider these actions for the purpose of determining whether Mr. McDonnell unlawfully accepted gifts and loans from Mr. Williams in exchange for promising to perform official acts. You may only consider post-April 2011 conduct for that purpose.

**Authority:**
*See, e.g.*, *United States v. Jones*, 965 F.2d 1507, 1515-16 (8th Cir. 1992) ("A court may admit pre-conspiracy evidence when the evidence establishes the motive or intent of the conspirators, is clear and convincing, is more probative than prejudicial, is not so far removed in time as to make it inadmissible under Federal Rule of Evidence 404(b) and when the court gives an instruction to the jury as to the narrow purpose for which the evidence may be considered."); *United States v. Aguirre*, 87 Fed. App'x 200, 204-05 (2d Cir. 2004) (holding that pre-conspiracy evidence could be admitted, "subject to the proper limiting instruction, to show [defendant's] knowledge and intent (which the defendant put at issue by testifying) and 'to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the

- 5 -

jury how the illegal relationship between the participants in the crime developed.'" (quoting *United States v. Williams*, 205 F.3d 23, 33-34 (2d Cir. 2000))); *United States v. Martinez*, 190 Fed. App'x 321, 326 (4th Cir. 2006) (admitting evidence of pre-conspiracy conduct going to state of mind and absence of mistake, but with an appropriate limiting instruction).

## Defense Proposed Jury Instruction No. 97

### Unanimity On "Official Acts"

In order to return a verdict of guilty on Counts 2-4 (honest-services wire fraud) and Counts 6-11 (extortion under color of official right), you must unanimously agree on at least one "official act" the defendant promised to perform in exchange for things of value.

**Authority:**

*Cf., e.g., Richardson v. United States*, 526 U.S. 813, 815 (1999) (requiring jury unanimity as to the specific violations that make up the element "continuing series of violations" under 21 U.S.C. § 848(c)); *United States v. Beros*, 833 F.2d 455, (3d Cir. 1987) (vacating convictions because district court refused to give specific unanimity instruction where there was a "range of possibilities by which the jury could have reached its verdict" and the "individual jurors reasonably could have disagreed as to which act supported guilt"); *United States v. Payseno*, 782 F.2d 832, 837 (9th Cir. 1986) (finding plain error because district court failed to give specific unanimity instruction where the evidence was "complicated and creates an uncertainty and confusion regarding the basis for the conviction").

**Defense Proposed Jury Instruction No. 98**

**False Statement To A Bank—False Statement By Omission**

An omission of relevant information can make an application to a bank false. But an omission makes an application false only if you find beyond a reasonable doubt that the omitted information was required to be disclosed on the application. If the information was not required to be disclosed on the application, then its omission is not a false statement.

**Authority:**

*See United States v. Fontenot*, 665 F.3d 640, 647 (5th Cir. 2011) (concluding "that, because the money Fontenot received . . . did not create a 'debt,' Fontenot did not make false statements on the loan applications when he failed to list the $100,000 as an 'outstanding debt'").

- 7 -

**Defense Proposed Jury Instruction No. 99**

**<u>Missing Witness Not Equally Available To Defendant</u>**

You have heard evidence about a witness—William Goodwin—who has not been called to testify. The defense has argued that the witness could have given material testimony in this case, and that the government was in the best position to produce this witness.

If you find that this uncalled witness could have been called by the government and would have given important new testimony, and that the government was in the best position to call him, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the government.

In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the government, you may consider whether the witness' testimony would have merely repeated other testimony and evidence already before you.

**Authority:**

1 L. Sand, et al., *Modern Federal Jury Instructions*—Criminal, Instruction No. 6-04 (2011).

Dated: August 28, 2014 Respectfully submitted,

/s/ Jonathan A. Berry
Henry W. Asbill (*pro hac vice*)
Mary Ellen Powers (*pro hac vice*)
Noel J. Francisco (*pro hac vice*)
Ryan D. Newman (*pro hac vice*)
James M. Burnham (*pro hac vice*)
Jonathan A. Berry (VSB No. 81864)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

John L. Brownlee (VSB No. 37358)
Timothy J. Taylor (VSB No. 84529)
HOLLAND & KNIGHT LLP
800 17th Street N.W.
Suite 1100
Washington, DC 20006
Telephone: (202) 828-1854
Facsimile: (202) 955-5564

*Counsel for Robert F. McDonnell*

**CERTIFICATE OF SERVICE**

     I, Jonathan A. Berry, am a member of the Bar of this Court. I hereby certify that on this 28th day of August, 2014, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, causing it to be served on all registered users.

Dated: August 28, 2014　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Jonathan A. Berry
　　　　　　　　　　　　　　　　　　　　Jonathan A. Berry (VSB No. 81864)
　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　51 Louisiana Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 879-3939
　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 626-1700

　　　　　　　　　　　　　　　　　　　　*Counsel for Robert F. McDonnell*